```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION

DEBORAH BROCK                                      PLAINTIFF

         v.          Civil No. 05-6088

MICHAEL J. ASTRUE,¹ Commissioner,
Social Security Administration                     DEFENDANT
```

## MEMORANDUM OPINION

Plaintiff Deborah Brock ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. After reviewing the record, the Court hereby AFFIRMS the decision of the Commissioner.²

## Background.

The complete facts and arguments are presented in the briefs and will be repeated only to the extent necessary. Additionally, the Commissioner's decision within the administrative record sets forth the findings and such will

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] Because the Court finds substantial evidence supports the Commissioner's decision and the Administrative Law Judge applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

not be repeated herein, except to the extent necessary to address Plaintiff's arguments.

## **Applicable Law**.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, lasted for at least twelve consecutive months.

The regulations require the Commissioner to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education,

and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## **Discussion**.

Plaintiff alleges two points of error by the Administrative Law Judge ("ALJ"). First, the ALJ erred in finding Plaintiff's claims of medical impairment were not credible. Second, the ALJ inaccurately determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of light duty work.

When considering the credibility of her complaints, the ALJ is to consider the following factors: the claimant's daily activities; the duration, frequency and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1321-1322 (8th Cir. 1984). The testimony provided at the hearing was contradictory to the initial information Plaintiff provided in her application for benefits. (Tr. 16). Where there are inconsistencies in the evidence as a whole, the ALJ may discount subjective

-4-

complaints. *Stephens v. Shalala*, 46 F.3d 37, 39 (8th Cir. 1995) (per curiam).

When Plaintiff filed her application for benefits, she noted that she cared for herself and was able to maintain her daily duties around the house. These consisted of bathing, laundry, dishes, ironing, mowing the lawn, garden work, as well as taking care of her own finances. (Tr. 88). Her ability to perform these duties was not consistent with her testimony before the ALJ. At the hearing, Plaintiff stated she "laid around all the time" and that she stays in bed "sometimes for weeks." (Tr. 189-190). Plaintiff's initial application for benefits also lacked any mention of physical disabilities. When testifying before the ALJ, Plaintiff claimed that her arthritis is partially what keeps her from working, even though she has not tried to work since her condition has worsened. (Tr. 191). After reviewing the record, the Court finds that it contains numerous inconsistent statements by Plaintiff sufficient to support the ALJ's decision to discount Plaintiff's subjective complaints based upon a lack of credibility.

Next, Plaintiff claims the ALJ inaccurately determined that she had the residual functional capacity (RFC) to perform light duty work. Before determining a claimant's RFC, the ALJ must first evaluate the claimant's credibility. *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). The ALJ determined Plaintiff's subjective claims were not credible based on her prior descriptions of her abilities and Plaintiff's testimony.

Included in the evidence was a history of substance abuse. (Tr. 21). The substance abuse was material to the disability because if Plaintiff were to cease such use, she would no longer be disabled. 20 C.F.R. § 404.1536(b)(1). The ALJ found Plaintiff to be disabled, but only because of mental limitations created by the use of alcohol and drugs. (Tr. 12). After finding Plaintiff's drug use and alcoholism "a material factor" in the disability, the ALJ found Plaintiff's mental impairments severe, but not severe enough to meet or medically equal any impairment listed in the Regulations. (Tr. 13). The Vocational Expert ("VE") testified that a person of claimant's age, education, and work background who had no exertional limitations would be capable of performing past relevant work such as lumber yard cleanup laborer and scribe machine worker. (Tr. 194). The ALJ relied on the VE's statement that if Plaintiff stopped using drugs and alcohol, she could return to her past work. (Tr. 20).

Based on Plaintiff's testimony, limited objective medical findings, medical treatment and use of prescription medications, the ALJ found Plaintiff retained a capacity for

-6-

a wide range of unskilled work. (Tr. 18). The Court agrees that with proper treatment and instruction, Plaintiff is capable of substantial gainful activity.

## Conclusion.

For the reasons stated herein, the Court finds the decision of the Commissioner should be and is hereby **AFFIRMED**. A separate judgment will be entered in accordance with this opinion.

IT IS SO ORDERED this 13th day of March, 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)